2010-02581
FILED
September 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002940088

ABDALLAH LAW GROUP
Mitchell L. Abdallah, SBN 231804
George Gingo, SBN 147897
1006 4th Street, 4th Floor
Sacramento, California 95814
Telephone: (916) 446-1974
Facsimile: (916) 446-3371

Attorneys for Plaintiff
RICKIE WALKER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RICKIE WALKER,<br><br>    Plaintiff. | Case No. 2010-21656-E-11<br><br>**ADVERSARY COMPLAINT**<br>**TO DETERMINE THE VALIDITY**<br>**OF A LIEN**<br>Fed. R. Bankr. P. 7001<br>Adversary No. |
| RICKIE WALKER,<br><br>    Plaintiff,<br>    v.<br>CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3,<br><br>    Defendants. | |

**ADVERSARY COMPLAINT**

COMES NOW Plaintiff RICKIE L. WALKER, (hereinafter referred to as the "Plaintiff" or "WALKER") for causes of actions against Defendants CITIBANK, N.A. as trustee for the Certificate holder of Structured Asset Mortgage Investments II Inc., Bear Sterns

---
1
ADVERSARY COMPLAINT

ALT-A Trust, Mortgage Pass-Through Certificates Series 2007-3, its assignees and/or successors; as follows:

## JURISDICTION AND VENUE

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §157(a)(b)(1), (b)(2)(I), §1334(b) and 11 U.S.C. §523(a)4 and 28 USC 1367 (pendent state claim).

2. This is an adversary proceeding ("Complaint") pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b) and (c).

4. This adversary proceeding relates to a bankruptcy case entitled In Re: Rickie Walker, debtors, case number 10-bk-21656, currently pending in the United States Bankruptcy Court in the Eastern District of California. The Defendant is a judgment creditor of Plaintiff Rickie Walker.

5. This is an adversary proceeding to determine the validity of the lien of Defendant CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3 BY EMC MORTGAGE CORPORATION AS ATTORNEY IN FACT, (hereafter, "Defendant") upon the residence of the Plaintiff.

6. Plaintiff's residence is located at 3830 Whitney Oaks Drive, Rocklin, California 95765. (Hereafter, "subject property") The Assessor's Parcel Number on the subject property is:

> 376-060-003. The legal description is: All that certain real property situated in the city of Rocklin, County of Placer, State of California, described as follows: Lot 393, as shown on the map entitled, Whitney Oaks, Phase 2C, Parcel 32, Unit 22, filed for record May 30, 2002, in book "Y" of Map, page 14.

7. Defendant conducts substantial business in the State of California and has availed itself of the laws and protection of the State of California. Defendant's alleged lien arises from a Deed of Trust on real estate located in this district and which is recorded in the office of the County Recorder in Placer County, California.

## GENERAL ALLEGATIONS

On November 21, 2006, Debtor executed a promissory note and a security interest in the form of a Deed of Trust in the amount of $1,076,250.00. (Exhibit A, Declaration of Rickie Walker, Attachment 1 thereto, page 1 and 2)(Note: all reference to "Attachments" is to the attachments of the Declaration of Rickie Walker) This document was filed as document number 2006-0125992-00 in the Placer County Recorder's Office. This document identifies the loan number as 010005958. The lender/payee of the promissory note is Bayrock Mortgage Corporation. (Attachment 1, page 1, para (C) and (F). Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") is not named as the payee of the note, but is named as acting solely as a "nominee" for lender as the beneficiary of the security interest Deed of Trust. (Attachment 1, para. (E). The trustee under this Deed of Trust is Financial Title Co. (Attachment 1, para. D) Paragraph R provides in part "This Security

Instrument secures to Lender: (i) the repayment of the Loan, . . .". (Attachment 1, page 3, para. R) Paragraph 20 of the Deed of Trust provides "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. (Attachment 1, page 15, para. 20)

8. On May 23, 2008, Document number 2008-0042464-00 (Notice of Default) was filed in the Placer County Recorder's Office. (Attachment 2 thereto, page 1) This document properly identifies the amount of the mortgage loan that debtor obtained on November 22, 2006, but it identifies the Deed of Trust as being document number 2006-0125993-00, when the Deed of Trust Debtor signed was 2006-0125992-00. It also identifies the loan as 0020962502 when Debtor's loan number is 010005958. This document now names the current beneficiary as EMC Mortgage Corporation. Contrarily, the MERS SERVICER ID website https://www.mers-servicerid.org/sis/search indicates that EMC Mortgage Corporation is the servicer. (Attachment 2, page 3) This document was not executed by the Trustee, nor was there a substitution of trustee filed.

9. The May 23, 2008 Notice of Default was rescinded by the filing in the Placer County Recorder's Office of Document number 2008-0047089-00. (Attachment 3) This document no longer names EMC Mortgage Corporation as the beneficiary, but instead names MERS as the beneficiary. (Attachment 3) This document was not executed by the Trustee, nor was there a substitution of trustee filed.

10. On June 3, 2008, another Notice of Default was filed, this one as document number 2008-0045036-00 in the Placer County Recorder's Office. (Attachment 4)

This document provides notice that the person or entity who signed it is utterly unsure of the capacity in which it was executed - "NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 11/21/2006, executed by Rickie Walker, . . .".(Attachment 4, page 2) This document was not executed by the Trustee, nor was there a substitution of trustee filed.

11. On July 7, 2008, a Substitution of Trustee was filed as document number 2008-0054639-00 in the Placer County Recorder's Office. (Attachment 5) This document, like the Deed of Trust, states that MERS was the beneficiary under the Deed of Trust – it does not state that MERS was the beneficiary under the promissory note. This document properly identifies the amount of the mortgage loan that debtor obtained on November 22, 2006, but it identifies the Deed of Trust as being document number 2006-0125993-00, when the Deed of Trust Debtor signed was 2006-0125992-00. It also identifies the loan as 0020962502 when Debtor's loan number is 010005958. This document purports to be executed by MERS.

12. On August 29, 2008, another Substitution of Trustee was filed as document number 2008-0069961-00 in the Placer County Recorder's Office. (Attachment 6) This document references the Deed of Trust the Debtor signed (2006-0125992-00), but it again misstates the loan number as 0020962502. This document purports to be executed by MERS, who substitutes Quality Loan Service Corporation as trustee. (Attachment 6)

5

ADVERSARY COMPLAINT

13. On September 5, 2008, a Notice of Trustee's Sale was filed as document number 2008-0071581-00. (Attachment 7)

14. On September 3, 2009, a Rescission of Notice of Default was filed as document number 2009-0077151-00 in the Placer County Recorder's Office. (Attachment 8) This document rescinds the June 3, 2008 Notice of Default. This document also indicates that the true beneficiary is an "investor" with the identification number of 0020962502.

15. On December 10, 2009, a Notice of Default was filed as document number 2009-0105268-00. (Attachment 9) This document indicates that it was ordered not by MERS but by CA-GTI as order number 090836866. (Attachment 9, page 1) It also references EMC Mortgage Corporation again, but it does not state that entity is the beneficiary.

18. On December 16, 2009, Debtor received another Substitution of Trustee. This time the document was not executed by MERS but instead was executed by Citibank, N.A. As Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust, Mortgage Pass-through Certificates Series 2007-3, by EMC Mortgage Corporation as Attorney in Fact. (Attachment 10)

///

///

///

///

6
ADVERSARY COMPLAINT

# COUNT 1
# DECLARATORY RELIEF
# 28 USC 2201

19. An actual controversy has arisen and now exists between Plaintiff and Defendant regarding their respective rights and duties, in that Plaintiff contends that Defendant did not have the right to pursue a claim under the Note or Deed of Trust on the Subject Property because Defendant's security interest in the Subject Property has been rendered void pursuant to the Court's ruling on May 17, 2010. Thus the purported right of the Defendant no longer apply. Plaintiff further contends that Defendant does not have the rights under the Note and Deed of Trust because Defendant did not timely respond to the Court's May 17, 2010 ruling.

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15.

21. The Defendant's lien has no validity because Defendant has no, right, title or interest in the subject Deed of Trust, nor does Defendant have agency authority from one with a right, title or interest in said Deed of Trust.

22. WHEREFORE, Plaintiff requests the Court determine the rights between the parties and declare that the Defendant's lien based upon the subject Deed of Trust has no validity.

# COUNT 2
# QUIET TITLE

23. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15.

7

24. The Defendant's lien has no validity because Defendant has no, right, title or interest in the subject Deed of Trust, nor does Defendant have agency authority from one with a right, title or interest in said Deed of Trust.

25. WHEREFORE, Plaintiff requests the Court quiet title to the subject real estate as to this named defendant.

Respectfully submitted,

DATED: September 20, 2010        ABDALLAH LAW GROUP

_____
MITCHELL L. ABDALLAH
Attorneys for Plaintiff
RICKIE WALKER