STEVEN W. PITE (CA SBN 157537)
DAVID E. MCALLISTER (CA SBN 185831)
EDDIE R. JIMENEZ (CA SBN 231239)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92117-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for   CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF
STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR
STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2007-3

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>  RICKIE WALKER,<br><br>                    Debtor. | Case No.  10-21656<br><br>Adv. Proc. No. 10-02581<br><br>DC No. PD-1 |
| RICKIE WALKER<br><br>                    Plaintiff<br><br>          vs.<br><br>CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3,<br><br>                    Defendant. | **DEFENDANT CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3's MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND LACK OF PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE OF PROCESS**<br><br>[Fed. R. Bankr. P. 7012(b)]<br><br>**Hearing:**<br>Date:   November 18, 2010<br>Time:   10:30 a.m.<br>Crtm:   33<br>Judge: Hon. Ronald H. Sargis |

i

1    Defendant, Citibank, N.A. as Trustee for the Certificateholders of Structured Asset

2    Mortgage Investments II Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates

3    Series 2007-3 ("Citibank") by and through its counsel of record, Pite Duncan, LLP, hereby

4    submits the following Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon

5    and Lack of Personal Jurisdiction Due to Insufficient Service of Process ("Motion to Dismiss")

6    and moves this court for an order dismissing the present adversary proceeding and/or operative

7    causes of action pursuant to Federal Rules of Civil Procedure 12(b)(6), made applicable to

8    bankruptcy cases by Federal Rule of Bankruptcy Procedure 7012, on the grounds that Rickie

9    Walker's ("Plaintiff") Adversary Complaint ("Complaint") fails to state a claim upon which

10   relief can be granted and is otherwise barred as a matter of law.

11   This Motion to Dismiss is based upon the points and authorities contained herein,

12   Request for Judicial Notice filed concurrently herewith, and upon all pleadings, papers, and

13   documents filed herein, as well as any oral argument which may be presented at the time of the

14   hearing.  Citibank respectfully submits this Memorandum of Points and Authorities in support of

15   its Motion to Dismiss.

16   /././

17   /././

18   /././

19   /././

20   /././

21   /././

22   /././

23   /././

24   /././

25   /././

26   /././

27   /././

28   /././

ii

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………..........- iv

I.    SUMMARY OF ARGUMENT ...................................................................- 1 -

II.   STATEMENT OF FACTS……………………………………….-2-

      A.  Subject Loan History………………………………………….-2-

      B.  MERS' Interest Regarding the Subject Loan…………………………-3-

      C.  Procedural Status of Case………………………………………-6-

III.  ARGUMENT ...................................................................................- 8 -

      A.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO CITIBANK
          FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN
          BE GRANTED…………………………………………………….-8-

          1.  The 12(b)(6) Legal Standard…………………………………...-8-

          2.  Plaintiff Fails to State a Claim for Declaratory Relief Which Relief Can be
              Granted as Citibank's Interest in the Subject Property was not Rendered
              Void Pursuant to the Court's May 17, 2010 Ruling…………………………..-9-

              a.  Citibank Qualifies as the Note Holder Under the California Commercial
                  Code and, Thus, Has Standing to Enforce the Note……………………..-10-

              b.  The Beneficial Interest in the Deed of Trust Necessarily Follows the
                  Note…………………………………………………………………..-12-

              c.  MERS Is Validly Named as Beneficiary in the Deed of Trust Signed by
                  the Plaintiff………………………………………………………….-13-

              d.  MERS Does Not Purport to Own the Note, But Rather Serves as an
                  Agent for the Owner of the Note and Acts as the Beneficiary Of the
                  Deed of Trust in Accordance With Its Contract with the Lender
                  and Agreement with the Plaintiff………………………………….....-17-

      B.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR INSUFFICENT
          SERVICE OF PROCESS…………………………………………………..-20-

IV.   CONCLUSION ....................................................................................- 21 -

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ............................................................- 9 -

Attwell v. LaSalle Nat'l Bank, 607 F.2d 1157, 1159 (5th Cir. 1979).......................- 20 -

Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ....................- 8 -

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)......................................- 8 -

Benham v. Aurora Loan Services, 2009 WL 2880232, 3 (N.D. Cal. 2009)............- 13 -

Carpenter v. Longan, 83 U.S. 271, 275 (1873)........................................................- 12 -

Castaneda v. Aurora Mortgage Services, Inc., 687 F.Supp.2d 1191, 1198 (E.D. Cal. 2009)...- 13 -

Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) .........................- 8 -

Ciardi v. Lending Company, Inc., 2010 WL 2079735 (D. Az. 2010) ......................- 17 -

Commonwealth Property Advocates, LLC v. MERS, CitiMortgage, et al., (Case No. 100400594, 4th Jud. Dist., August 4, 2010) ..........................................................................- 15 -

Derakhsham v. Mortgage Electronic Registration System, Inc., et al., 8:08-cv-01185, (C.D. Cal., 2009), aff'd 2009 CA Lexis 63176 (2009) .............................................................- 13 -

Emrich v. Touche Ross & Company, 846 F.2d 1 190, 1198 (9th Cir. 1988) ............- 8 -

Gregory Taylor, Appellant v. Deutsche Bank National Trust Company, Appellee, 5th District Court of Appeal, Case No. 5D09-4035 (July 2010) .............................................- 15 -

HSBC v. MacPherson, et al, N.Y. Supreme Court, Suffolk County, 08-29742 .....................- 15 -

In re Sina, No. A06- 200, 2006 WL 2729544, at 2 (Minn. App., Sept. 26, 2006) .................- 18 -

In re Tucker, 10-61004 ............................................................................................- 13 -

Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009)..- 16 -

Johnson v. Mortg. Elec. Reg. Sys., Inc., 252 Fed.Appx. 293 (11th Cir. 2007) ......................- 18 -

Kachlon v. Markowitz, 168 Cal.App.4th 316, 334-35 (2008)................................................- 13 -

Mansour v. Cal- Western Recon. Corp., 2009 U.S. Dist. LEXIS 64113, at 12 (D. Ariz. July 15, 2009) .....................................................................................................................- 18 -

Merritt v. Bartholick, 36 N.Y. 44 ........................................................................- 15 -

NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).............................- 8 -

Pfannenstiel v. Mortg. Elec. Reg. Sys., Inc., No. CIV S-08-2609, 2009 WL 347716 (E.D. Cal.
    Feb. 11, 2009) ................................................................................................- 13 -

Ramirez v. SCME Mortg. Bankers, Inc., 2010 WL 2839476, 3 (S.D. Cal., 2010) .................- 13 -

Trent v. Mortg. Elec. Regis. Sys., Inc., 2007 WL 2120262 (M.D. Fla. July 20, 2007)............- 18 -

United States v. Butner, 440 U.S. 48 (1979) ........................................................- 10 -

US Bank, N.A. v. Flynn, 2010 N.Y. Slip Op. 20093, 897 N.Y.S.2d 855 (Sup. Ct. 2010) ..............
    ............................................................................................................- 14 -, - 15 -

**Statutes**

28 U.S.C. § 2201 ..............................................................................................- 9 -

Cal. Civ. Code § 2936 ......................................................................................- 12 -

Cal. Com. Code § 3201 ....................................................................................- 10 -

Cal. Com. Code § 1201(21)(a) ........................................................................- 10 -

Cal. Com. Code § 3301 ....................................................................................- 10 -

**Other Authorities**

Restatement (Third) of Property (Mortgages) § 5.4 (1997) ................................- 12 -

Restatement (Third) of Property: Mortgages § 5.4 (1997) ..................................- 12 -

**Rules**

Fed. R. Bankr. P. 7008 ......................................................................................- 8 -

Fed. R. Bankr. P. 7004 ....................................................................................- 20 -

Fed. R. Bankr. P. 7004(a)(1) ..........................................................................- 20 -

Fed. R. Bankr. P. 7004(b)(3) ....................................................................- 1 -, - 20 -

Fed. R. Bankr. P. 7004(e) ..........................................................................- 1 -, - 20 -

Fed. R. Bankr. P. 9014 ......................................................................................- 9 -

Fed. R. Civ. P. 12(b)(6) ....................................................................................- 8 -

Fed. R. Civ. P. 4(l)(1) ............................................................................................... - 20 -

Fed. R. Civ. P. 60(b)(4) ............................................................................................ - 10 -

Fed. R. Civ. P. 8 ........................................................................................... - 1 -, - 8 -

Fed. R. Civ. P. 8(a)(2) ..................................................................................... - 8 -, - 9 -

Federal R. Civ. P. 4 ................................................................................................... - 20 -

Fed. R. Bankr. P. 7004 ............................................................................................. - 20 -

Fed. R. Bankr. P. 7012 .................................................................................... - 8 -, - 20 -

Fed. R. Civ. P.12 ......................................................................................................... - 8 -

Fed. R. Civ. P. 12(b)(4) ........................................................................................... - 20 -

# I.

## SUMMARY OF ARGUMENT

Plaintiff's Complaint must be dismissed in its entirety due to the Plaintiff's failure to state a claim against Citibank upon which relief can be granted and the court's lack of jurisdiction due to Plaintiff's insufficient service of process.

First, the Complaint fails to set forth the required elements and any facts that would support a valid claim against Citibank. Despite Plaintiff's conclusory allegations that Citibank has no right, title, or in interest in the subject Deed of Trust and his attempts to create confusion with information contained in foreclosure documents recorded pursuant to state law and the differing loan numbers assigned to the loan by the originating lender, Bayrock Mortgage Company ("Bayrock Mortgage") and the loan number assigned by the current servicer of the loan, EMC Mortgage Corporation ("EMC"), Plaintiff fails to substantiate the allegations with facts and/or evidence to support any of his claims. In fact, Plaintiff misrepresents that Citibank "does not have rights" under the Note and Deed of Trust because "it did not timely respond to the Court's May 17, 2010 ruling which is currently subject to a Motion to Vacate/Reconsider based on substantive and service defects. All of Plaintiff's purported causes of action fail to allege the necessary elements for recovery and Plaintiff's Complaint otherwise fails to satisfy the pleading requirements of Fed. R. Civ. P. 8 by including sufficient factual allegations to state a claim that is plausible on its face. Thus, Plaintiff's Complaint against Citibank fails to state a claim upon which relief can be granted.

Second, Plaintiff's Complaint should also be dismissed based upon insufficient service of process. Fed. R. Bankr. P. 7004(e) requires that service under Rule 7004(b)(3) be made by delivery of the summons and complaint within 14 days after the summons is issued. In the present case, Plaintiff's failed to properly serve an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Citibank with a copy of the Summons and Complaint. Accordingly, the Court should grant Citibank's Motion to Dismiss on the grounds of insufficient service of process.

/././

**STATEMENT OF FACTS**

A.    **SUBJECT LOAN HISTORY**

On or about November 21, 2006, Plaintiff made, executed, and delivered to Bayrock Mortgage a promissory note in the principal sum of $1,076,250.00 (the "Note"), the performance of which is secured by a Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for Bayrock Mortgage and its successors and assigns (the "Deed of Trust") encumbering the real property located at 3830 White Oaks Drive, Rocklin, CA, 95765. ("Subject Property"). (See Request for Judicial Notice ("Req. J. N.") **Exhibit A,** the Declaration of Sandra Garcia-Harris and exhibits attached thereto as previously filed in the underlying bankruptcy case number 10-21656). The loan evidenced by the Note and Deed of Trust is referred to herein as the "Subject Loan."

Subsequently, Bayrock Mortgage and EMC entered into an agreement whereby EMC purchased various mortgage loans from BMC, including the Subject Loan.

In connection of the sale of the Note to EMC, Bayrock Mortgage indorsed the note in blank thereby converting the note into a bearer instrument and transferred possession of the Note to EMC. (Req. J. N., **Exhibit A**).

On or about April 1, 2007, Structured Asset Mortgage Investment II Inc. ("SAMI"), as Depositor; Citibank as Trustee; Wells Fargo Bank, National Association, as Master Servicer and Securities Administrator; Federal National Mortgage Association, as Guarantor; and EMC, as Sponsor and Company, entered into a Pooling and Servicing Agreement ("PSA"), thereby creating the Trust.[1] (Req. J. N., **Exhibit A**).

Subsequently, on or about April 30, 2007, EMC, Master Funding, LLC ("Master Funding"), and SAMI entered into a Mortgage Loan Purchase Agreement whereby EMC and Master Funding agreed to sell, and SAMI agreed to purchase, certain conventional, adjustable rate, first lien mortgage loans secured primarily by one to four-family residential properties

---

[1] The PSA can be found on the Securities and Exchange Commission's electronic database at: http://www.sec.gov/Archives/edgar/data/1393737/000106823807000668/exhibit_10-1.htm

(collectively, the "Mortgage Loans"), including the Subject Loan. (Req. J. N., **Exhibit A**).[2]

Concurrently with the ***execution and delivery*** of the PSA, SAMI sold, transferred, and assigned to the Trust, without recourse, all its right, title and interest in and to the Mortgage Loans. In connection with this transfer, the blank indorsed Note was converted into a special indorsed Note by writing Citibank's name above the signature of the indorser, Bayrock Mortgage. (Req. J. N., **Exhibit A**). Citibank is currently entitled to possession of the specially indorsed Note. (Req. J. N., **Exhibit A**).

Pursuant to the PSA and that certain Servicing Agreement, dated April 1, 2007, made by and between EMC and SAMI, EMC has the contractual right and responsibility to service certain Mortgage Loans, including the Subject Loan. (Req. J. N., **Exhibit A**).

As the loan servicer, EMC acts as an agent for Citibank and is generally responsible for the administration of the Subject Loan until the loan is paid in full, assigned to another creditor, or the servicing rights are transferred. Administering the loan includes sending monthly payment statements, collecting monthly payments, maintaining records of payments and balances, collecting and paying taxes and insurance (and managing escrow and impound funds), remitting monies tendered under the Note to Citibank, following up on loan delinquencies, home loan workouts and home retention programs, and other general customer service functions. Further, in the event of a default under the terms of the Note or Deed of Trust, EMC is authorized by Citibank under the terms of the loan servicing agreement to enforce the terms of the Deed of Trust. (Req. J. N., **Exhibit A**).

**B.** **MERS' INTEREST REGARDING THE SUBJECT LOAN**

On the date the Note and Deed of Trust were signed, Bayrock Mortgage was a MERS member, and pursuant to the MERS' Rules of Membership, Rule 2, Section 5, Bayrock Mortgage appointed MERS to act as its agent to hold the Deed of Trust as nominee on Bayrock Mortgage's behalf. (See Req. J. N., **Exhibit B,** the Declaration of William C. Hultman and exhibits attached thereto as previously filed in the underlying bankruptcy case number 10-21656).

---

[2]  Given the voluminous nature of the Mortgage Loan Schedule, Citibank has included only relevant excerpts regarding the Subject Loan. The full Mortgage Loan Schedule will be made available at the hearing on this motion.

The MERS Governing Documents include the member's signed MERS Membership Application, the MERS Rules of Membership, the Terms and Conditions, and the MERS Procedures Manual. Bayrock Mortgage remained a MERS member during the entire time that it was the holder of the Note. (Req. J. N., **Exhibit B**).

The MERS Terms and Conditions provide that MERS "shall" serve as mortgagee of record with respect to each mortgage loan that the member registers on the MERS® System and provides that "MERS shall at all times comply with the instructions of the holder of mortgage loan promissory notes." (Req. J. N., **Exhibit B**).

Paragraph E of the subject Deed of Trust provides:

(E)   "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tele. (888) 679-MERS.

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

The Deed of Trust further states that:

**TRANSFER OF RIGHTS IN THE PROPERTY**

**The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the**

COUNTY
[Type of Recording Jurisdiction]

of   PLACER                                                                              :
[Name of Recording Jurisdiction]

  SEE ATTACHED EXHIBIT A

which currently has the address of   3830 WHITNEY OAKS DRIVE

[Street]

ROCKLIN                          , California  95765                    ("Property Address"):
[City]                                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lenders's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Bayrock Mortgage subsequently transferred the Note to EMC. As of the date the Note was transferred, EMC was a MERS member. Pursuant to the MERS' Rules of Membership, EMC appointed MERS to act as its agent to hold the Deed of Trust as nominee of EMC. EMC remained a MERS member during the entire time that it was the holder of the Note. (Req. J. N., **Exhibit B**).

EMC subsequently transferred the Note to Citibank. As of the date the Note was transferred to Citibank, Citibank was a MERS member. Pursuant to the MERS' Rules of Membership, Citibank appointed MERS to act as its agent to hold the Deed of Trust as nominee

of Citibank. Citibank remains a MERS member and has been during the entire time that it has been the holder of the Note. (Req. J. N., **Exhibit B**).

On March 5, 2010, MERS executed an Assignment of Deed of Trust whereby MERS assigned all of its interest in the Deed of Trust to Citibank. (Req. J. N., **Exhibit B**).

The assignment was executed by Lori Harp. Ms. Harp was appointed as an Assistant Secretary and Vice President of MERS and is an officer of EMC. It was decided by the note holder that an assignment from MERS to Citibank should be executed. (Req. J. N., **Exhibit B**).

**C.    PROCEDURAL STATUS OF THE CASE**

On or about January 25, 2010, Plaintiff commenced this case by filing a petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California. (Req. J. N., **Exhibit C**).

On or about March 19, 2010, Pite Duncan, LLP filed a Request for Special Notice and Service of Papers and Reservation of Rights in the instant proceeding wherein Pite Duncan requested special notice of all events relevant to and copies of all pleadings or documents filed in relation to, the Plaintiff's Chapter 11 bankruptcy case. (Req. J. N., **Exhibit D**).

Concurrently with the filing of the Request for Special Notice, Citibank, by and through its duly authorized loan servicing agent, EMC Mortgage Corporation ("EMC"), timely filed its Proof of Claim in the total secured amount of $1,320,650.52 including pre-petition arrears in the amount of $262,851.93. The Proof of Claim indicates that notices should be sent to the following address: 4375 Jutland Drive, Ste. 200, P.O. Box 17933, San Diego, CA 92177-0933 and that payment should be sent to EMC Mortgage Corporation, OH4-7119 3415 Vision Drive Columbus, OH 43219. (Req. J. N., **Exhibit E**).

Citibank's Proof of Claim Breakdown Sheet includes the following footnote:

> "This Proof of Claim shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004." (See Req. J. N., **Exhibit E**).

On or about April 4, 2010, Plaintiff filed his Objection to Citibank's Proof of Claim No. 5 ("Objection to Citibank's Claim") wherein Plaintiff alleges that Citibank, N.A. failed to establish that it has standing to enforce the Note and Deed of Trust. (Req. J. N., **Exhibit F**).

Pursuant to the Certificate of Mailing filed concurrently with the Plaintiff's Objection, the Plaintiff served the Objection as follows:

- Office of the United States Trustee, 401 I Street, Ste 7-500, Sacramento, CA 95814
- Anne W. Hamann, Pite Duncan, LLP, P.O. Box 17933, San Diego, CA 92177
- Emc [sic] Mortgage, P.O. Box 141358, Irving, TX 75014

(Req. J. N., **Exhibit G**).

On May 20, 2010, the court conducted a hearing on the Plaintiff's Objection and, subsequently, on May 27, 2010, the court entered a Civil Minute Order whereby the court sustained the Plaintiff's Objection, without prejudice to "creditor" filing an amended claim on or before June 18, 2010. **The court further ordered that the disallowance of the claim does not alter, amend, modify or affect the trust deed referenced in the proof of claim or the rights of whoever is ultimately recognized or determined to be the owner of the note and the creditor having a secured claim.** (Req. J. N., **Exhibit H**).

Pursuant to the court's docket, the Plaintiff never served the court's Civil Minute Order on Pite Duncan, Citibank or EMC. (See Req. J. N., **Exhibit C**).

Based on the substantive and procedural defects of the Plaintiff's Objection to Citibank's Proof of Claim, on September 24, 2010, Citibank filed a Motion to Vacate Order Sustaining Objection to Claim of Citibank, N.A., Claim Number 5, or in the Alternative, for Reconsideration of Order Sustaining Objection to Claim of Citibank, N.A., Claim Number 5 ("Motion to Vacate). The hearing on the Motion to Vacate is currently scheduled for November 4, 2010, at 10:30 a.m. (Req. J. N., **Exhibit I**).

/././

/././

/././

**III.**

**ARGUMENT**

**A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO CITIBANK FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**1. The 12(b)(6) Legal Standard**

Fed. R. Civ. P. 12 applies to adversary proceedings as provided by Fed. R. Bankr. P. 7012. Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss an adversary proceeding where the complaint fails to specify a cognizable legal theory for relief or fails to allege sufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint and may properly look beyond the complaint only to items in the record of the case or to matters of general public record. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988); NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Dismissal under Rule 12(b)(6) for failure to state a claim is proper where no relief could be granted under any set of facts that could be proved consistent with the allegations. See Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).

Although the pleading standard of Fed. R. Civ. P. 8(a)(2), which Fed. R. Bankr. P. 7008 makes applicable to adversary proceedings, does not require detailed factual allegations, but does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading that merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not suffice, nor does a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 555, 557. To survive a motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, states "a claim to relief that is plausible on its face" such that the court could reasonably infer the defendant's liability for the alleged misconduct Id. at 556, 570. The plausibility standard does not equate to a "probability requirement," but does ask for more than a sheer possibility that a defendant has acted unlawfully. Id. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

possibility and plausibility of 'entitlement to relief.'" Id. at 557. Ultimately, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "shown" - "that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (citing Fed. R. Civ. P. 8(a)(2)).

**2. Plaintiff Fails to State a Claim for Declaratory Relief Which Relief Can be Granted as Citibank's Interest in the Subject Property was not Rendered Void Pursuant to the Court's May 17, 2010 Ruling.**

Pursuant to 28 U.S.C. § 2201, Plaintiff requests the court declare that Citibank's lien based on the subject Deed of Trust has no validity and to quiet title as to Citibank. 28 U.S.C. § 2201(a) provides:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11,or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201(a).

In this case, the Plaintiff is seeking a declaration regarding Citibank's ownership rights in the Subject Property and/or its status as the holder of the note secured by the Subject Property. As provided above, on or about April 4, 2010, Plaintiff filed his Objection to Citibank's Claim wherein he alleged that Citibank, N.A. failed to establish that it had standing to enforce the Note and Deed of Trust. In his Objection to Claim, much like he has done in this Complaint, the Plaintiff attempted to use Substitution of Trustee documents and foreclosure related documents to create a controversy regarding the current owner of the note and otherwise disguise the fact that he has not made a payment on the Subject Loan since January 1, 2008. As the Plaintiff failed to properly serve Citibank with his objection to its claim pursuant to Fed. R. Bankr. P. 9014, Citibank did not file a response and on May 27, 2010 (not May 17, 2010, as alleged by the Plaintiff), the court entered a Civil Minute Order granting the Plaintiff's Objection to Citibank's

Claim. (See Req. J. N., **Exhibit H**). In the Civil Minute Order, the court specifically stated that the Civil Minute Order does not alter, amend, modify or affect any trust deed in reference in Citibank's Proof of Claim. However, the Plaintiff misconstrues the Civil Minute Order by asserting that it provides Citibank's interest in the Subject Property is void and is seeking to improperly utilize said Order as res judicata in this adversary proceeding. Further, as provided more clearly in Citibank's Motion to Vacate/Reconsider currently pending in the underlying bankruptcy case, the Plaintiff's failure to properly serve Citibank with the Objection to Citibank's Claim renders the Civil Minute Order void and subject to being vacated pursuant to Fed. R. Civ. P. 60(b)(4). Lastly, as provided in greater detail below, Citibank is the current Note holder with standing to enforce the Note under California law as the note is specially indorsed to Citibank and it is entitled to possession of the note.

a. ***Citibank Qualifies as the Note Holder Under the California Commercial Code and, Thus, Has Standing to Enforce the Note***

In bankruptcy proceedings, state substantive law controls the rights of note and lienholders. See <u>United States v. Butner</u>, 440 U.S. 48 (1979). Accordingly, in order to determine whether Citibank has standing to enforce the Note in this case, the court must look to the California Commercial Code, which is the substantive state statutory law governing negotiable instruments.

Cal. Com. C. § 3301 provides in pertinent part:

> [The] [p]erson entitled to enforce an instrument means (a) ***the holder of the instrument***, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. (emphasis added).

Cal. Com. C. § 1201(21)(a) defines "Holder" as the "person in possession of a negotiable instrument that is payable either ***to bearer*** or, to an identified person that is the person in possession..." (emphasis added). The payee of an instrument may negotiate it by indorsing it and delivering it to another person, who then becomes its holder. (See Cal. Com. C. § 3201). Cal. Com. C. § 3201 provides in pertinent part:

(a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

(b) Except for negotiation by a remitter, ***if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder***. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. (emphasis added).

In order to negotiate the Note, the holder is required to: (1) transfer possession of the Note; and (2) indorse the Note to the transferee or in blank. Once receiving holder status, a holder of note may also convert a blank indorsement that consists only of a signature into a special indorsement by writing, above the signature of the indorser, words identifying the person to whom the instrument is made payable. See Cal. Com. C. § 3205(c).

In this case, Bayrock Mortgage as the holder of note, and in connection with the sale of the Note to EMC, indorsed the note in blank thereby converting the note into a bearer instrument and transferred possession of the Note to EMC. Subsequently, SAMI, as Depositor; Citibank, as Trustee; Wells Fargo Bank, National Association, as Master Servicer and Securities Administrator; Federal National Mortgage Association, as Guarantor; and EMC, as Sponsor and Company, entered into a PSA thereby creating the Trust. Concurrently with the execution and delivery of the PSA, SAMI sold, transferred, and assigned to the Trust, without recourse, all its right, title and interest in and to the Mortgage Loans. During the creation of the trust, EMC remained the holder of the note endorsed in blank and, therefore, had the ability to transfer physical possession of the note to Citibank. In connection with this transfer, the blank indorsed Note was converted into a special indorsed Note by writing Citibank's name above the signature of the indorser, Bayrock Mortgage. As Citibank is entitled to possession of the specially indorsed Note, it qualifies as the Note holder with standing to enforce the Note under California law.

/././

/././

/././

### b. *The Beneficial Interest in the Deed of Trust Necessarily Follows the Note*

It is well established that the transfer of a note secured by a deed of trust carries with it the security, without any formal assignment or delivery, or even mention of the latter. Carpenter v. Longan, 83 U.S. 271, 275 (1873). In fact, California codified this principle in Cal. Civ. Code § 2936, which provides that "[t]he assignment of a debt secured by a mortgage carries with it the security." It follows that "a mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation that the mortgage secures." Restatement (Third) of Property (Mortgages) § 5.4 (citing Carpenter v. Longan). Indeed, a recorded assignment of mortgage is not legally required to enforce the obligations of a note and mortgage. Restatement (Third) of Property: Mortgages § 5.4 (1997) specifically states:

(a)     A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise;

(b)     Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise;

(c)     A mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation the mortgage secures.

In this case, the Note is the obligation that is secured by the Deed of Trust. Pursuant to Supreme Court precedent and California law, any transfer of the Note necessarily carries with it the security, without the need for any formal assignment. As previously discussed, Citibank qualifies as the Note holder with standing to enforce the Note. It necessarily follows that Citibank is the party entitled to enforce the Deed of Trust, regardless of whether there was a valid assignment of the Deed of Trust. As discussed further below, the MERS Membership agreement entered into by the parties establishes the parties' intention that MERS is to be the beneficiary as nominee for the note owner. Furthermore, numerous courts in California and across the country have held that MERS may act as the beneficiary on the Deed of Trust on behalf of the lender and may assign its interest in the Deed of Trust. Consistent with MERS role as agent for Citibank, an assignment from MERS to Citibank was recorded in the Placer County Recorder's Office wherein Citibank is reflected as the record beneficiary under the Deed of

Trust. (See Req. J. N., **Exhibit B**).  Based upon the foregoing, Citibank has standing to enforce the Note and Deed of Trust and, therefore, the Order Sustaining Objection should be vacated.

        **c.**      ***MERS Is Validly Named as Beneficiary in the Deed of Trust Signed by the Plaintiff***

It is well settled law in California that MERS is the valid legal beneficiary of a deed of trust and may act as a nominee for the lender when the deed of trust explicitly states that the borrower understands and agrees that MERS holds only legal title and has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the property.  See Derakhsham v. Mortgage Electronic Registration System, Inc., et al., 8:08-cv-01185, (C.D. Cal., 2009), aff'd 2009 CA Lexis 63176 (2009) (As the plaintiff explicitly authorized MERS to act as beneficiary with the right to foreclose on the property, the court held that MERS, as the named beneficiary, was entitled to foreclose on the real property); See, e.g., Kachlon v. Markowitz, 168 Cal.App.4th 316, 334-35 (2008); Castaneda v. Aurora Mortgage Services, Inc., 687 F.Supp.2d 1191, 1198 (E.D. Cal. 2009); Benham v. Aurora Loan Services, 2009 WL 2880232, 3 (N.D. Cal. 2009); Ramirez v. SCME Mortg. Bankers, Inc., 2010 WL 2839476, 3 (S.D. Cal., 2010).  See also Pfannenstiel v. Mortg. Elec. Reg. Sys., Inc., No. CIV S-08-2609, 2009 WL 347716 (E.D. Cal. Feb. 11, 2009) (rejecting plaintiff's claim that MERS lacked authority to commence foreclosure proceedings on plaintiff's property).

Recently, a bankruptcy court for the Western District of Missouri held in In re Tucker, 10-61004, that MERS, in its role as nominee and beneficiary, has the ability to assign its interest the Deed of Trust.  Specifically, the court commented as follows:

> The legal definition of a nominee is a "party who holds bare legal title for the benefit of others." The Deed of Trust here states that MERS holds legal title in its capacity "as nominee for the Lender and the Lender's successors and assigns." The Deed of Trust also grants MERS broad rights, again as a nominee for Lender and Lender's successors and assigns, "to exercise any or all" of the interests granted by the Borrower under the Deed of Trust, "including but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender.
>
> This is more than sufficient to create an agency relationship between MERS and the Lender and its successors in Missouri, regardless what term they used to

describe that relationship. All that is required is a manifestation of the parties' assent that the agent will act on behalf of the principal and subject to his control. An agency relationship arises where, as here, one party is specifically authorized to act on behalf of another in dealings with third persons. The language of the recorded Deed of Trust clearly authorizes MERS to act on behalf of the Lender in serving as the legal title holder to the beneficial interest under the Deed of Trust and exercising any of the rights granted to the Lender thereunder.

The court then concluded,

Assuming that the note-holder is a member of MERS, thereby creating an agency relationship, the fact that MERS is identified as the beneficiary under a deed of trust for the benefit of the note-holder does not create a split between the note and deed of trust. And, again, since the deed of trust follows the note, this is true for subsequent parties to whom the note is properly assigned, so long as the assignees are also members of MERS. Here, as stated above, the evidence was that Aurora has possession of the original Note, which it produced at the hearing, and which is endorsed in blank. As I stated in In re Box, in order to prove that the movant is the holder of a note entitled to enforce it and the corresponding deed of trust, the movant must provide sufficient evidence that is in possession of the original note, or comply with the lost note provisions. In addition, the evidence was that all of the assignees of the Note, including Aurora, were members of MERS who was, at all times, the beneficiary under the deed of trust as agent for each of the assignees, including Aurora. As such, Aurora established that it was the holder of the Note, and thus entitled to enforce both the Note and Deed of Trust, on the date Aurora moved for relief from stay. Therefore, it had standing to bring that motion.

Since MERS here has shown that it held the mortgage on behalf of the note holders in this case, MERS has proven its agency relationship and has shown that it did not split the mortgage and note and made a valid assignment of the mortgage.

Other courts have specifically addressed MERS' ability to assign a mortgage or Deed of Trust. In US Bank, N.A. v. Flynn, 2010 N.Y. Slip Op. 20093, 897 N.Y.S.2d 855 (Sup. Ct. 2010), a New York court considered the issue of whether MERS may assign a mortgage. In discussing the validity of the MERS assignment, and the standing of the purported assignor to foreclose, the court logically commented:

This court finds that where, as here, an entity such as MERS is identified in the mortgage indenture as the nominee of the lender and as the mortgagee of record and the mortgage indenture confers upon such nominee all of the powers of such lender, its successors and assigns, a written assignment of the note and mortgage by MERS, in its capacity as nominee, confers good title to the assignee and is not

defective for lack of an ownership interest in the note at the time of the assignment. In such cases, MERS is acting as the nominee of the owner of the note and of the mortgage, in which MERS is additionally designated as the mortgagee of record. No disconnect between the note and mortgage occurs when MERS acts, at the time of the assignment, as the nominee of the original lender or a successor owner or holder of the note and mortgage. Consequently, a MERS assignment does not violate this State's long standing rule that a transfer of a mortgage without a concomitant transfer of the debt is void (*see* Merritt v. Bartholick, 36 N.Y. 44, *supra* ). A foreclosure plaintiff thus has standing where its ownership of the note and mortgage derives from an assignment issued by a nominee named in the mortgage indenture, qualified as above, and such assignment is complete prior to the commencement of such action.

Here, the plaintiff established that the written assignment of the note and qualifying mortgage by MERS, as nominee of the original lender, was complete and pre-dated the commencement of this action. The defendant's claim that the plaintiff's assignment was defective due to the lack of an ownership interest in the note on the part of the assignor, MERS, is thus rejected as unmeritorious. US Bank, N.A. v. Flynn, 897 N.Y.S.2d at 859.

Thus, as the New York court explained, MERS, as nominee of the lender (and/or as the mortgagee of record), may assign the mortgage and note. See also HSBC v. MacPherson, *et al*, N.Y. Supreme Court, Suffolk County, 08-29742 (the court commented that "[c]ontrary to [defendants] assertion that MERS did not have the authority to assign the note and mortgage to HSBC, the mortgage signed by him expressly grants it 'all those rights that applicable laws gives [sic] to lenders who hold mortgages in real property.' Thus, in addition to the right to commence foreclosure proceedings, under the broad powers granted to it on the face of the instrument, as nominee MERS possessed the right to assign the mortgage and the underlying note.'"

Additionally, the court in Gregory Taylor, Appellant v. Deutsche Bank National Trust Company, Appellee, 5th District Court of Appeal, Case No. 5D09-4035 (July 2010), ruled that an assignment from MERS was valid and held that MERS was "lawfully acting in the place of the holder and was given explicit agreed upon authority to make such an assignment." Other courts in non-judicial foreclosure states have interpreted language similar to the language in the subject Deed of Trust at issue in this case as allowing MERS to assign a mortgage. In Commonwealth Property Advocates, LLC v. MERS, CitiMortgage, et al., (Case No. 100400594, 4th Jud. Dist., August 4, 2010), the court affirmed MERS' ability to foreclose and found that MERS had executed a valid assignment of the Deed of Trust to CitiMortgage. The court wrote, "Under the

express Terms of the Deed of Trust, '[t]he beneficiary for this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assignees of MERS.' Moreover, pursuant to the express powers given to MERS, MERS was granted the right to act in the stead of Sterns, including foreclosing and selling the Property.'" It concluded, "... the express terms of the Deed of Trust unassailably provide that MERS has the right to foreclose upon the property, even if Stearns had sold the note. It is also evident, pursuant to the valid assignment of Deed of Trust, that CITI now holds the beneficiary interest." Further, in addressing the nature of MERS interest in a mortgage or Deed of Trust, the Supreme Court of Minnesota, *in* Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009), the court held that MERS can hold legal title to the security instrument without holding any interest in the promissory note. MERS may act as the mortgagee and this does not split the promissory note from the mortgage since the mortgage follows the note.

In this case, the Plaintiff was specifically informed that MERS was the beneficiary under the deed of trust and it was a separate corporation acting solely as nominee for the lender. In acknowledgment of the Plaintiff's acceptance as MERS as the beneficiary under the deed of trust, the Plaintiff initialed the page in which this provision appeared. (Req. J. N., **Exhibit A**). The Plaintiff was further informed and subsequently agreed that MERS, as the beneficiary of the Deed of Trust and as nominee for the lender, holds only legal title to the interests granted to him in the Deed of Trust, but if necessary, MERS has the right to exercise all of the lender's interests, including, but not limited to, the right to foreclose and sell the Subject Property; and to take any action required of the lender(which includes the right to assign the Deed of Trust). The Plaintiff again initialed the page in which this provision appeared. (Req. J. N., **Exhibit A**). As California courts have been clear to recognize MERS as a valid beneficiary of a deed of trust when the plain language of the deed of trust expressly designates MERS as the beneficiary and distinctly grants MERS the same rights as the original lender and the lender's successors and assigns to foreclose, assign, or release the Deed of Trust, an argument to the contrary by the Plaintiff who expressly agreed to the aforementioned designation of MERS is inequitable and meritless.

/ . / . /

**d. MERS Does Not Purport to Own the Note, But Rather Serves as an Agent for the Owner of the Note and Acts as the Beneficiary Of the Deed of Trust in Accordance With Its Contract with the Lender and Agreement with the Plaintiff**

MERS as the nominee for lender agreed with the lender, its successors and assigns (as long the successors and/or assigns are also MERS members) to contractual rules and practices that are to govern their relationship—that is, the relationship between MERS and the lender. When MERS is designated the beneficiary under a deed of trust, the lender and MERS have agreed that, in so doing, MERS will not obtain an ownership interest **in the note** that the lender makes to the borrower. Rather, as agreed to between MERS and its members, and as agreed to by MERS and the borrower, MERS will act solely as the beneficiary on the deed of trust, as nominee for the lender. The lender holds the ownership interest in the note, and it is MERS (as the lender's nominee) who is the designated beneficiary under the deed of trust. MERS holds an *in rem* interest as the legal title holder to the security instrument. It is perfectly appropriate for the lender to hold the ownership interest in the note, and for its nominee, MERS, to hold the legal interest in the deed of trust in its capacity as beneficiary, acting as a nominee or agent for the lender. Courts around the country, as well as in California, have routinely and consistently held that MERS as the beneficiary of the deed of trust and nominee for the lender, has an interest in the Deed of Trust and may hold the lien on behalf of the lender.

Ciardi v. Lending Company, Inc., 2010 WL 2079735 (D. AZ. 2010), provides a clear, simple explanation of how the same evidence presented here defeats the "splitting" argument. The Ciardi plaintiffs, like the Trustee in this case, asserted that MERS' status as beneficiary of the deed of trust severed the deed from the note. In dismissing the complaint for failure to state a cause of action, the District Court rejected that theory:

> [T]he very language of the deed of trust, which Plaintiffs quote in their amended complaint, states that MERS will serve as the nominee for the original lender as well as the original lender's successors and assigns. Thus, from the very language of the deed of trust, to which Plaintiff Bianca Ciardi agreed to in entering into the home loan transaction, MERS is still acting as the nominee for the current holder of the promissory note. Id. at 3.

The same is true of the instant case. The Deed of Trust states that MERS is "the beneficiary under this Security Instrument" as "nominee for Lender and Lender's successors and assigns." (Req. J. N. **Exhibit A**). MERS was the agent of the original lender when it originated the loan. When Citibank became entitled to possession of the note to enforce same, MERS became CitiBank's agent as Citibank is the successor and assignee of the original lender, Bayrock Mortgage.

The <u>Ciardi</u> plaintiffs also claimed that MERS had no right to enforce the deed of trust. Based on the plain language of that deed, the Court again disagreed in stating "[t]he deed of trust, as quoted in Plaintiffs' amended complaint, designates MERS as the beneficiary and authorizes MERS to take any action to enforce the loan, including the right to foreclose and sell the property." <u>Id</u>. At 3.

Here, the Deed of Trust authorizes MERS, as nominee, "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." (Req. J. N., **Exhibit A**).

Finally, the <u>Ciardi</u> plaintiffs argued that the failure to disclose the assignment of the note somehow nullified MERS' status as beneficiary. Once again, the Court disagreed is stating that "[T]he language in the deed of trust confers an agency relationship between MERS and the original and **successive** lenders without the need to produce a separate agency contract each time the promissory note is sold." <u>Id</u>. at 4 (emphasis added). As previously explained, the Deed of Trust here contains identical language.

Other courts in California and around the country have affirmed MERS ability to act as the beneficiary or mortgagee. <u>See</u>, <u>e.g.</u>, <u>Johnson v. Mortg. Elec. Reg. Sys., Inc.</u>, 252 Fed.Appx. 293 (11th Cir. 2007) (affirming grant of summary judgment to MERS on its foreclosure of plaintiff's property)); <u>Mansour v. Cal- Western Recon. Corp.</u>, 2009 U.S. Dist. LEXIS 64113, at 12 (D. Ariz. July 15, 2009) (denying relief from motion to dismiss where plaintiff alleged MERS lacked ability to foreclose); <u>Trent v. Mortg. Elec. Regis. Sys., Inc.</u>, 2007 WL 2120262 (M.D. Fla. July 20, 2007) (granting MERS' motion to dismiss plaintiff's complaint challenging property foreclosure); <u>In re Sina</u>, No. A06- 200, 2006 WL 2729544, at 2 (Minn. App., Sept. 26, 2006)

("Because MERS is the record assignee of the mortgage, we conclude that MERS had standing to foreclose").

As discussed in greater detail above, as of the date of the Note and Deed of Trust, Bayrock Mortgage was a MERS member, and pursuant to the MERS' Rules of Membership and the Deed of Trust, Bayrock Mortgage appointed MERS to act as its agent to hold the Deed of Trust as nominee of Bayrock Mortgage, its successors and assigns. Bayrock Mortgage remained a MERS member during the entire time that it was the holder of the Note. Thereafter, Bayrock Mortgage transferred the Note to EMC. As of the date the Note was transferred, EMC was a MERS member and pursuant to the MERS' Rules of Membership, EMC appointed MERS to act as its agent to hold the Deed of Trust as nominee of EMC and its successors and assigns. EMC subsequently transferred the Note to Citibank. As of the date the Note was transferred to Citibank, Citibank was a MERS member. Pursuant to the MERS' Rules of Membership, Citibank appointed MERS to act as its agent to hold the Deed of Trust as nominee of Citibank and its successors and assigns. Citibank remains a MERS member and has been during the entire time that it has been the holder of the Note.

Notwithstanding the foregoing, MERS is no longer the beneficiary on the Deed of Trust since it assigned its interest in the Deed of Trust to the current owner and holder of the note, Citibank. (See Req. J. N., **Exhibit B**). Finally, as Citibank qualifies as the holder of the specially indorsed Note with standing to enforce the Note and as the Note necessarily carries with it the security, without the need for any formal assignment, Citibank is the party entitled to enforce the Deed of Trust.

/././

/././

/././

/././

/././

/././

/././

## B. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

Federal Rule of Civil Procedure 12(b)(4), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, requires a defendant to raise jurisdictional defenses on the grounds of insufficient service of process in its first responsive pleading. Service of process in adversary proceedings is governed by Federal Rule Civil Procedure 4 and Federal Rule of Bankruptcy Procedure 7004. See Fed. R. Bankr. P. 7004(a)(1). Fed. R. Bankr. P. 7004 provides in pertinent part:

> ...service may be made within the United States by first class mail postage prepaid...upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the ***summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process*** and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. Fed. R. Bankr. P. 7004(b)(3). (emphasis added).

Fed. R. Bankr. P. 7004(e) requires that service under Rule 7004(b)(3) be made by delivery of the summons and complaint within 14 days after the summons is issued. Federal Rule of Civil Procedure 4 requires a plaintiff to file proof of service of the summons and complaint, unless service is waived. Fed. R. Civ. P. 4(l)(1). If a plaintiff fails to properly serve the summons and complaint, the presiding court lacks in personam jurisdiction to enter a default and/or default judgment against the defendants. See Attwell v. LaSalle Nat'l Bank, 607 F.2d 1157, 1159 (5th Cir. 1979).

In the present case, the court lacks jurisdiction to adjudicate the Plaintiff's alleged claims against Citibank due to Plaintiff's failure to make Citibank a party to this action through proper service of process. Specifically, Plaintiff failed to properly serve an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Citibank with a copy of the summons and Complaint. As Plaintiff has failed to file a Certificate of Service and failed to otherwise serve an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process on

1  Citibank's behalf.  Based upon the foregoing, the court is without jurisdiction to adjudicate the

2  Plaintiff's claims against Citibank alleged in the Plaintiff's Complaint. As a result of the

3  Plaintiff's insufficient service of process herein, Plaintiff's Complaint must be dismissed.

### IV.

### CONCLUSION

Plaintiff's Complaint against Citibank must be dismissed due to failure to state a claim upon which relief can be granted and insufficient service of process. First, Plaintiff fails to state a claim against Citibank because the Complaint fails to allege sufficient factual and legal grounds to establish that Citibank lacks standing to pursue its interest as to the Subject Property and/or that the Court's May 27, 2010 Civil Minute Order adjudicated its rights regarding the Subject Property.   Plaintiff's Complaint must also be dismissed as this court lacks subject matter jurisdiction and Plaintiff's failed to properly serve Citibank with the Complaint and thus making it a party to this action.

**WHEREFORE, Citibank respectfully prays:**

1.  That this court grant Citibank's Motion to Dismiss, without leave to amend;

2.  Alternatively, that this court order the Plaintiff's to file an amended complaint which clearly sets forth comprehensible facts and causes of action against Citibank;

3.  For reasonable attorneys' fees and costs; and

4.  For such other relief as the court deems just and proper.

PITE DUNCAN, LLP

Dated: October 21, 2010          By: /s/ Eddie R. Jimenez
                                     _____
                                     EDDIE R. JIMENEZ
                                     Attorneys for Defendant, CITIBANK, N.A. AS
                                     TRUSTEE FOR THE CERTIFICATEHOLDERS OF
                                     STRUCTURED ASSET MORTGAGE
                                     INVESTMENTS II INC., BEAR STEARNS ALT-A
                                     TRUST, MORTGAGE PASS-THROUGH
                                     CERTIFICATES SERIES 2007-3